# EXHIBIT A

ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
Dennis S. Ellis (State Bar No. 178196)
  dellis@egcfirm.com
Trent B. Copeland (State Bar No. 136890)
  tcopeland@egcfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@egcfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

FRANK SIMS & STOLPER LLP
Jason Frank (State Bar No. 190957)
  jfrank@lawfss.com
Scott H. Sims (State Bar No. 234148)
  ssims@lawfss.com
Andrew D. Stolper (State Bar No. 205462)
  astolper@lawfss.com
19800 MacArthur Blvd., Suite 855
Irvine, California 92612
Telephone: (949) 210-2400
Facsimile: (949) 201-2405

(Additional Counsel on Signature Page)

Attorneys for Non-Party Plaintiffs
Aaron Braxton, Gia Gray, Bryan Brown,
Paul Martin, on behalf of themselves and
all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER WILLIAMS, SAM ALBURY, and SHAIA BECKWITH SIMMONS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and WELLS FARGO & CO.,<br><br>Defendant. | Case No.: 3:22-cv-00990-JD<br>Honorable James Donato<br><br>**NON-PARTIES AARON BRAXTON, ET AL.'S RESPONSE TO DEFENDANTS WELLS FARGO BANK, N.A., AND WELLS FARGO & CO.'S ADMINSTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Non-party Plaintiffs Aaron Braxton, Gia Gray, Bryan Brown, and Paul Martin, ("Plaintiffs") hereby respond to Defendants Wells Fargo Bank, N.A. and Wells Fargo & Co.'s ("Wells Fargo") Administrative Motion to Consider Whether Cases Should Be Related (the "Motion"). Wells Fargo seeks to relate *Braxton v. Wells Fargo Bank, N.A. et al.*, No. 3:22-cv-01748-JSC ("*Braxton*") and *Williams v. Wells Fargo Bank, N.A. et al.*, No. 3:22-cv-00990-JD ("*Williams*"). *Braxton* should not be related to *Williams* because relation of these two cases does not meet the requirements set forth in Local Rule 3-12.

Local Rule 3-12 states that actions are related when (a) they "concern substantially the same parties, property, transaction, or event," *and* (b) "[i]t appears *likely* that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." (emphasis added). The two cases perhaps meet the requirements of Local Rule 3-12 (a) because Wells Fargo is the Defendant in both cases and there is an overlap among the plaintiff classes. But there will not be a duplication of labor and expense, or conflicting results, if the cases remain before their current Judges on their current tracks. Indeed, if the actions are related, the *Braxton* refinancing plaintiffs' claims will be obscured by the loan origination claims of the *Williams* plaintiffs, with the *Braxton* plaintiffs prejudiced by the ensuing delays as the latter's more expansive issues are resolved.

That the cases meet the first requirement of Local Rule 3-12 (a) is not as clear as Wells Fargo claims. *Braxton* concerns refinancing alone, which constitutes transactions separate and apart from mortgage origination loans. The *Braxton* complaint contains 198 paragraphs of detail about Wells Fargo's refinancing practices. The complaint derives information from confidential witnesses, an investigation of Wells Fargo's algorithm, and publicly available data. Declaration of Alicia C. Baiardo in Support of Administrative Motion to Consider Whether Cases Should Be Related, ("Baiardo Decl.") Ex. B, ("*Braxton* Complaint"). On the

other hand, the 74 paragraph *Williams* complaint barely mentions refinancing, addressing it mostly in a single paragraph. Dkt. No. 22 at ¶ 19. Likewise, the *Braxton* complaint also discusses Wells Fargo's use of appraisals – which was itself the subject of a congressional hearing; the *Williams* complaint does not address appraisals. And the parties are not the same. Every representative plaintiff in the *Braxton* case suffered discrimination while seeking to refinance their homes. Plaintiff Paul Martin (in the *Braxton* case) was harmed by Wells Fargo's use of an appraisal and is well-equipped to represent. Finally, Aaron Braxton and Gia Gray are the only California residents in the two cases, and thus they can represent the broadest 23(b)(2) injunctive class as they can rely on the UCL as California residents. *See Wershba v. Apple Computer, Inc.,* 91 Cal. App. 4th 224, 243 (2001) (UCL is limited to actions affecting California consumers or conduct emanating from California); *Lish v. Amerihome Mortg. Co., LLC,* No. 220CV07147JFWJPRX, 2020 WL 6688597, at *2 (C.D. Cal. Nov. 10, 2020) (noting that the UCL was "neither designed nor intended to provide relief to non-California residents allegedly harmed by conduct occurring entirely outside of California.") (citing *Norwest Mortg., Inc. v. Super. Ct. (Conley)*, 72 Cal. App. 4th 214, 217 (1999)). Therefore, while on the surface there are indeed some similarities – the cases certainly have the same defendants – it is not conceded (and certainly would not be on any consolidation motion) that the cases precisely have the same parties, thus satisfying Rule 3-12 (a).

However, more importantly, because the detailed Amended Complaint in *Braxton* describes at length Wells Fargo's discriminatory practices against Black *homeowners* concerning the *refinancing* of home loans as well as the dramatically discriminatory results of these practices, it is more precisely directed at an issue that arose after the start of the pandemic. *See Braxton* Complaint at ¶¶ 1-22. The Amended Complaint in *Williams*, on the other hand, alleges that Wells Fargo discriminated against all Black applicants for *any* credit associated with residential

-3-                                   Case No. 3:22-cv-00990-JD
NON-PARTIES AARON BRAXTON, ET AL.'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED

property, and details the long history Wells Fargo has done so reaching settlements in a number of those cases.  Dkt. No. 22.  As noted, the investigation reflected in the *Braxton* Complaint incorporates confidential witness information to show that Wells Fargo's algorithm concerning applications for *refinancing* incorporated racial data and then disproportionately declined to refinance Black Americans' home loans.  Compounding those disproportionate denials was Wells Fargo's neglected underwriting review teams which lacked the resources to monitor the algorithm's discriminatory outcomes during the pandemic.  These outcomes are seen in the publicly available refinancing data (discussed by *Bloomberg*) which shows, for instance, that Wells Fargo approved less than 50% of Black homeowner refinancing applicants in 2020.  *Williams* lacks this focus on refinancing, instead claiming that Wells Fargo's practices extended across all residential credit transactions.  The claims in *Williams* certainly describe a significant and repugnant problem, which must be addressed through that case.  However, there is no discussion of data, of the details of algorithms, or of Wells Fargo's internal processes related to refinancing in *Williams*.  The *Williams* class therefore obscures the focus on refinancing that the *Braxton* plaintiffs have already developed by lumping refinancing with a broader notion of all home loans.  Courts should not relate cases when a narrow case could be overwhelmed by a much broader case.  *Ortiz v. CVS Caremark Corp.*, No. C-12-05859(EDL), 2013 WL 12175002, at *2 (N.D. Cal. Oct. 15, 2013) ("the claims that the *Ortiz* plaintiffs seek to certify are much narrower than [the *Howard* claims].  Therefore, the Court denies the *Howard* plaintiffs motion to relate that case to *Ortiz*.").

      The *Braxton* plaintiffs will be prejudiced if the refinancing issue is blended into an overarching residential credit issue.  Given the evidence that Wells Fargo approaches refinancing in a different manner than origination, alleged in critical detail in the *Braxton* First Amended Complaint, and given the difference in kind between refinancing an existing loan, where the applicant has already been issued

the original loan and the connected collateral, issues specific to refinancing will have to be litigated separately from issues specific to origination. The issues specific to refinancing, therefore, would be bogged down or at the very least delayed if the cases are related because judicial attention will be divided among refinancing issues and origination issues. Importantly, interest rates are rising, and many *Braxton* class members are in danger of missing out on the relief they deserve. Thus, ***relating the cases will not create judicial economy*** because the *Braxton* class faces a timing issue: the current lower interest rates may not be enjoyed in the future[1]. Putting the *Braxton* class on a path related to another case that is moving at a slower pace (as reflected in part by the much more detailed *Braxton* complaint) could prevent the *Braxton* plaintiffs from getting the remedy they seek.

Further, because the different issues pertaining to refinancing and origination have to be addressed on their own, there is little if any prospect of duplication of labor or expense. Likewise, the narrower focus of the *Braxton* claims minimizes the prospect of inconsistent results. *Ortiz v. CVS Caremark Corp.*, No. C-12-05859(EDL), 2013 WL 12175002, at *2 (N.D. Cal. Oct. 15, 2013) ("Although there is a remote possibility of inconsistent results, the *Ortiz* claims are much narrower than the *Howard* claims, and an adjudication on the [*Ortiz*] claims would not affect the *Howard* plaintiffs' ability to proceed with their other [claims].").

For all these reasons, non-party Plaintiffs Aaron Braxton, Gia Gray, Bryan Brown, and Paul Martin respectfully submit that *Braxton* should not be related to *Williams* because relation of these two cases does not meet the requirements set forth in in Local Rule 3-12.

---

[1] The *Braxton* plaintiffs will maintain that adequate injunctive relief entitles them to refinanced loans at the interest rates prevailing at the time of their application. But in the event the court finds that alternative equitable relief is more appropriate, any delay the class faces from relating *Braxton* and *Williams* could reduce the value of equitable relief to the *Braxton* plaintiffs.

| | | |
|---|---|---|
| 1 | DATED: May 31, 2022 | ELLIS GEORGE CIPOLLONE |
| 2 | | O'BRIEN ANNAGUEY LLP |

By:      */s/ Dennis S. Ellis*
       Dennis S. Ellis (SBN 178196)
       Trent B. Copeland (SBN 136890)
       Ryan Q. Keech (SBN 280306)
       Stefan Bogdanovich (SBN 324525)
       2121 Avenue of the Stars, Suite 2800
       Los Angeles, California 90067
       Telephone: (310) 274-7100
       Facsimile: (310) 275-5697
       Email:  dellis@egcfirm.com
                 tcopeland@egcfirm.com
                 rkeech@egcfirm.com
                 sbogdanovich@egcfirm.com

ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
       Noah S. Helpern (SBN 254023)
       Milin Chun (SBN 262674)
       801 South Figueroa Street, Suite 2000
       Los Angeles, California 90017
       Telephone: (213) 725-9800
       Facsimile: (213) 725-9808
       Email:  nhelpern@egcfirm.com
                 mchun@egcfirm.com

ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
       Joseph N. Kiefer (*pro hac vice forthcoming*)
       (NY Bar No. 5345657)
       157 West 57th Street, Suite 28 S
       New York, New York 10019
       Telephone: (212) 413-2600
       Facsimile: (212) 413-2629
       Email:  jkiefer@egcfirm.com

Attorneys for Non-Party Plaintiffs
Aaron Braxton, Gia Gray, Bryan Brown, Paul Martin and all others similarly situated

-6-    Case No. 3:22-cv-00990-JD
NON-PARTIES AARON BRAXTON, ET AL.'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

DATED: May 31, 2022

FRANK, SIMS & STOLPER LLP
Jason M. Frank (SBN 190957)
Scott H. Sims (SBN 234148)
Andrew D. Stolper (SBN 205462)


By:    */s/ Jason Frank*
      Jason Frank
Attorneys for Non-Party Plaintiffs
Aaron Braxton, Gia Gray, Bryan Brown, Paul Martin and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER WILLIAMS, SAM ALBURY, and SHAIA BECKWITH SIMMONS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and WELLS FARGO & CO.,<br><br>Defendant. | Case No.: 3:22-cv-00990-JD<br>Honorable James Donato<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS WELLS FARGO BANK, N.A., AND WELLS FARGO & CO.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

2057991.1

-1-   Case No. 3:22-cv-00990-JD
[PROPOSED] ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

## [PROPOSED ORDER]

The Court having considered Defendants Wells Fargo Bank, N.A. and Wells Fargo & Co.'s L.R. 3-12. Administrative Motion to Consider Whether Cases Should Be Related, the opposing papers, and any evidence submitted in support of and in opposition to the motion:

IT IS HEREBY ORDERED that the Court has determined that *Aaron Braxton, et al. v. Wells Fargo Bank, N.A., et al.*, No. 3:22-cv-01748-JSC ("*Braxton*") should not be related to *Christopher Williams, et al. v. Wells Fargo Bank, N.A., et al.*, No. 3:22-cv-00990-JD ("*Williams*") because relation of these two cases does not meet the requirements set forth in Local Rule 3-12.

**IT IS SO ORDERED.**

Dated: _____, 2022

_____
Hon. James Donato
United States District Court

2057991.1