| | |
|---|---|
| 1 | Amanda L. Groves (SBN: 187216) |
| | agroves@winston.com |
| 2 | Winston & Strawn LLP |
| | 333 S. Grand Avenue, 38th Floor |
| 3 | Los Angeles, CA 90071 |
| | Telephone: (213) 615-1700 |
| 4 | Facsimile: (213) 615-1750 |
| 5 | Alicia A. Baiardo (SBN: (SBN 254228) |
| | abaiardo@mcguirewoods.com |
| 6 | McGuire Woods LLP |
| | Two Embarcadero Center |
| 7 | Suite 1300 |
| | San Francisco, CA 94111-3821 |
| 8 | Telephone: (415) 844-9944 |
| | Facsimile: (415) 844-9922 |
| 9 | |
| 10 | *(Additional Counsel on Signature Page)* |
| 11 | Attorneys for Defendants |
| | WELLS FARGO BANK, N.A., |
| 12 | WELLS FARGO HOME MORTGAGE, INC., and |
| | WELLS FARGO & COMPANY |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BRAXTON, GIA GRAY, BRYAN BROWN, and PAUL MARTIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., WELLS FARGO HOME MORTGAGE, INC., and WELLS FARGO & CO.,<br><br>Defendants. | Case No. 3:22-cv-01748-JD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: July 21, 2022<br>Time: 10:00 a.m.<br>Location: Courtroom 11<br>Phillip Burton Federal Building & United States Courthouse<br>450 Golden Gate Avenue<br>San Francisco, CA |

# NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS

PLEASE TAKE NOTICE that on July 21, 2022 at 10:00 a.m. in Courtroom 11, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Wells Fargo Bank, N.A., Wells Fargo Home Mortgage, Inc., and Wells Fargo & Co. will and do hereby move to dismiss or, in the alternative, to stay these proceedings under the first-to-file rule because a similar case with substantially similar issues and parties was previously filed in this Court.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Amanda L. Groves and the exhibits thereto, the record in this action, and any other written or oral submission that may be presented at or before the hearing on this Motion.

Dated: June 13, 2022

**WINSTON & STRAWN LLP**

By: /s/ *Amanda L. Groves*
Amanda L. Groves
agroves@winston.com
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Kobi K. Brinson *(admitted pro hac vice)*
kbrinson@winston.com
Stacie C. Knight *(admitted pro hac vice)*
sknight@winston.com
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
Facsimile: (704) 350-7800

**MCGUIREWOODS LLP**

By: /s/ *Alicia A. Baiardo*
Ava E. Lias-Booker (*admitted pro hac vice*)
alias-booker@mcguirewoods.com
Alicia A. Baiardo
abaiardo@mcguirewoods.com
Jasmine K. Gardner (*admitted pro hac vice*)
jgardner@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111-3821
Telephone: (415) 844.9944
Facsimile: (415) 844.9922

Attorneys for Defendants
WELLS FARGO BANK, N.A.,
WELLS FARGO HOME MORTGAGE, INC.,
AND WELLS FARGO & COMPANY

**TABLE OF CONTENTS**

I. FACTS ............................................................................................................................. 1

    A. The First-Filed *Williams* Action ........................................................................ 1

    B. The Original Complaint in This Action ............................................................... 2

    C. The Amended Complaints in This Action and the *Williams* Action .................. 3

II. ARGUMENT ................................................................................................................... 3

    A. Legal Standard ..................................................................................................... 3

    B. All Three Elements of the First-To-File Rule Are Met Here ............................... 5

        1. *Williams* Is the First-Filed Action ........................................................... 5

        2. The Parties in the *Williams* and *Braxton* Matters Are Substantially Similar ...................................................................................................... 5

        3. The Issues in the *Williams* and *Braxton* Matters Are Substantially Similar ...................................................................................................... 7

    C. Allowing This Action to Proceed Separately Would Result in a Waste of Judicial and Party Resources and Would Risk Inconsistent Rulings ..................... 9

    D. Because the First-to-File Rule Applies, the Court Should Dismiss This Action or, Alternatively, Stay It Pending Resolution of *Williams* ................................. 10

III. CONCLUSION ............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adoma v. University of Phoenix, Inc.*,
    711 F. Supp. 2d 1142 (E.D. Cal. 2010)..................................................................................7

*Alltrade, Inc. v. Uniweld Prods. Inc.*,
    946 F.2d 622 (9th Cir. 1991) ..............................................................................................3, 5

*Arakelian v. Mercedez-Benz USA, LLC*,
    2018 WL 6422649 (C.D. Cal. June 4, 2018) ...........................................................................4

*Blanchard Training & Dev. v. Leadership Studies, Inc.*,
    2016 WL 773227 (S.D. Cal. Feb. 29, 2016) ............................................................................4

*Blue Cove Corp. v. Odyssey Med., Inc.*,
    2011 WL 1157866 (S.D. Cal. Mar. 28, 2011) .........................................................................5

*Church of Scientology of Cal. v. U.S. Dep't of Army*,
    611 F.2d 738 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def.
    Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016)...........................................9

*Cortes v. Victoria Secret Stores, LLC*,
    2020 WL 1139657 (N.D. Cal. Mar. 9, 2020).........................................................................10

*De La Cruz v. Target Corp.*,
    2018 WL 3817950 (S.D. Cal. Aug. 8, 2018) .........................................................................10

*DocuSign, Inc. v. Clark*,
    2022 WL 225623 (N.D. Cal. Jan. 25, 2022) ..........................................................................10

*Fossum v. Nw. Mut. Life Ins. Co.*,
    2010 WL 11054415 (N.D. Cal. Sept. 16, 2010) ......................................................................8

*Fuhr et al. v. Sprint/United Mgmt. Co.*,
    Case No. 3:19-cv-02418-WQH-AHG (S.D. Cal Sept. 23, 2020) .............................................4

*Gatlin v. United Parcel Serv., Inc.*,
    2018 WL 10161198 (C.D. Cal. Aug. 23, 2018)...........................................................4, 8, 9, 10

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*,
    179 F.R.D. 264 (C.D. Cal. 1998) ............................................................................................9

*Hilton v. Apple Inc.*,
    2013 WL 5487317 (N.D. Cal. Oct. 1, 2013).......................................................................3, 5

*Koehler v. Pepperidge Farm, Inc.*,
    2013 WL 4806895 (N.D. Cal. Sept. 9, 2013) ..................................................................3, 5, 7

*Kohn Law Grp. Inc. v. Auto Parts Mfg. Miss, Inc.*,
    787 F.3d 1237 (9th Cir. 2015) .............................................................................................6, 7

*Mehr v. Capital One Bank USA N.A.*,
 2019 WL 2428768 (C.D. Cal. Jan. 4, 2019) ................................................................................9

*Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*,
 2011 WL 2073796 (E.D. Cal. May 24, 2011) .............................................................................6

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
 678 F.2d 93 (9th Cir. 1982) .........................................................................................................3

*Padilla v. Willner*,
 2016 WL 860948 (N.D. Cal., Mar. 7, 2016) ................................................................................4

*Pedro v. Millennium Prods., Inc.*,
 2016 WL 3029681 (N.D. Cal. May 27, 2016) .............................................................................6

*Ross v. U.S. Bank Nat'l Ass'n*,
 542 F. Supp. 2d 1014 (N.D. Cal. 2008) .......................................................................................6

*Schwartz v. Frito–Lay N. Am.*,
 2012 WL 8147135 (N.D. Cal. Sept. 12, 2012) ....................................................................3, 5, 7

*Silva v. First Transit, Inc.*,
 2021 WL 2213203 (N.D. Cal. Mar. 1, 2021) ...............................................................................6

*SMIC, Americas v. Innovative Foundry Tech. LLC*,
 473 F. Supp. 3d 1021 (N.D. Cal. 2020) .......................................................................................5

*Swangler v. Cherne Contr. Corp.*,
 2021 WL 6332532 (N.D. Cal. Jan. 22, 2021) ............................................................................10

*Vado v. Champion Petfoods USA, Inc.*,
 2019 WL 634644 (N.D. Cal. Feb. 14, 2019) ...............................................................................6

*Vista Capital Investments, LLC v. Natural Shrimp, Inc.*,
 2020 WL 434562 (S.D. Cal. Jan. 28, 2020) .................................................................................4

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
 967 F. Supp. 2d 1289 (N.D. Cal. 2013) ...................................................................................4, 7

*Wong v. Old Lyme Gourmet Co.*,
 2021 WL 5909209 (N.D. Cal. Mar. 22, 2021) ..........................................................................10

*Young v. Bank of Am., N.A.*,
 2013 WL 2952758 (N.D. Cal. Mar. 7, 2013) ...............................................................................8

*Zimmer v. Domestic Corp.*,
 2018 WL 1135634 (C.D. Cal. Feb. 22, 2018) .............................................................................9

**Statutes**

42 U.S.C. § 1981 ............................................................................................................................2, 8

42 U.S.C. § 1982 ...............................................................................................................................2

42 U.S.C § 3601 ................................................................................................................................2

| | |
|---|---|
| 1 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 2 | This is the second of five substantially similar putative class action lawsuits alleging that |
| 3 | Wells Fargo discriminates against Black and African American applicants in connection with its |
| 4 | home lending business.[1]  In this lawsuit, Plaintiffs seek to represent a nationwide class (and putative |
| 5 | subclasses) of Black homeowners whose applications purportedly were (1) processed more slowly |
| 6 | than the applications of non-Black applicants; (2) denied; or (3) approved at higher interest rates |
| 7 | than the applications of non-Black applicants.  But Plaintiffs' allegations, and proposed class and |
| 8 | subclasses, are wholly encompassed by a first-filed action pending in this District, *Williams v. Wells* |
| 9 | *Fargo Bank, N.A., et al.*, 3:22-cv-00990-JD ("*Williams*"), filed on February 17, 2022, thus placing |
| 10 | this case squarely within the first-to-file rule.  Indeed, as shown herein, the factors that courts |
| 11 | consider in determining whether to apply the rule—chronology, similarity of the parties, and |
| 12 | similarity of the issues—all weigh in favor of invoking the rule.  Moreover, permitting this later- |
| 13 | filed action to proceed is not only an unnecessary drain on this Court's and the parties' resources, but |
| 14 | it may also result in inconsistent rulings and would require Wells Fargo to litigate multiple lawsuits |
| 15 | concerning the same subject matter at the same time.  Accordingly, the Court should dismiss this |
| 16 | case or, alternatively, stay these proceedings, under the first-to-file rule. |
| 17 | **I.  FACTS** |
| 18 | **A.  The First-Filed *Williams* Action** |
| 19 | On February 17, 2022, Christopher Williams filed a putative class action against Wells Fargo |
| 20 | Bank, N.A. and Wells Fargo & Company.   Relying on publicly-available Home Mortgage |
| 21 | Disclosure Act ("HMDA") data,[2] Williams alleged that Wells Fargo discriminated against him on |

---

[1] As explained herein, the first putative class action lawsuit raising these allegations against Wells Fargo was filed in this District on February 17, 2022 as *Williams v. Wells Fargo Bank, N.A., et al.*, 3:22-cv-00990-JD.  Wells Fargo waived service in *Williams* on March 17, 2022, before this action was filed on March 18, 2022.  Shortly after this action was filed, three more complaints were filed in the Northern District of California raising allegations substantially similar to those made here and in *Williams*: *Pope v. Wells Fargo Bank, N.A. et al.*, 3:22-cv-01793 ("*Pope*"); *Thomas, et al. v. Wells Fargo & Co. et al.*, 3:22-cv-01931 ("*Thomas*"); and *Ebo v. Wells Fargo Bank, N.A.*, 3:22-cv-02535-SK ("*Ebo*").  Wells Fargo has not been served in any of those actions but will file similar motions at the appropriate time.

[2] The Home Mortgage Disclosure Act requires many financial institutions to maintain, report, and publicly disclose loan-level information about mortgages.

the basis of race when he applied for a home mortgage loan, and that its home mortgage origination and underwriting practices intentionally and disproportionately discriminate against Black home loan applicants. Groves Decl., Ex. A, ¶¶ 6-18. Based on those allegations, Williams brought claims under (1) the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA"); (2) 42 U.S.C. § 1981 ("Section 1981"); (3) 42 U.S.C. § 1982 ("Section 1982"); and (4) the Fair Housing Act of 1968, 42 U.S.C § 3601 *et seq.* ("FHA"). *See id.*, Ex. A. Williams sought to represent "a class of African Americans who applied for credit related to residential real estate and who were subjected to discrimination by Defendants due to their race," and sought declaratory and injunctive relief, compensatory damages, punitive damages, prejudgment interest, costs, and attorneys' fees. *Id.*, ¶ 19 and Prayer for Relief. Wells Fargo waived service in *Williams* on March 17, 2022.

### B. The Original Complaint in This Action

On March 18, 2022, Plaintiff Aaron Braxton filed this putative class action against Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage, Inc., relying heavily on a March 10, 2022 *Bloomberg News* article that also cited and relied on publicly-available HMDA data. *Id.*, Ex. B. Braxton alleged that Wells Fargo discriminated against him on the basis of race when he applied to refinance his mortgage loan,[3] and that Wells Fargo's residential mortgage policies and practices discriminate against African American applicants. *Id.*, ¶¶ 4-16. Braxton alleged that Wells Fargo's actions violated the ECOA, Section 1981, the FHA, the California Unruh Civil Rights Act, and the California Unfair Competition Law. *Id.*, ¶¶ 72-104. Braxton sought injunctive relief, compensatory damages, punitive damages, prejudgment interest, costs, and attorneys' fees, and defined his putative class as Black homeowners who submitted an application to refinance their home mortgage through Wells Fargo "that was (i) processed at a rate slower than that of the average processing time of applications made by non-Black applicants; or (ii) whose applications were denied; or (iii) whose resulting refinance loans were made at higher interest rates as compared to similarly situated non-Black applicants." *Id.*, ¶¶ 53, 152-54 and Prayer for Relief.

---

[3] As discussed more fully below, Braxton ***did not*** actually apply to refinance his loan but instead sought a modification of his existing mortgage loan.

### C. The Amended Complaints in This Action and the *Williams* Action

On April 14, 2022, Williams filed an amended complaint that added two putative named plaintiffs. The amended complaint asserts the same causes of action and seeks the same relief as the original complaint, but redefines the putative class to include "Black and/or African American applicants or borrowers who applied for, received, or maintained credit from Defendants related to residential real estate and who were subjected to discrimination by Defendants due to their race." *Id.*, ¶ 44.

Four days later, on April 18, 2022, Braxton filed an amended complaint, adding three putative named plaintiffs and Wells Fargo & Company as a defendant. *Id.*, Ex. D. The causes of action, putative classes and subclasses, and relief sought are unchanged from the original *Braxton* complaint. *See id.*

On June 9, 2022, this Court granted Wells Fargo's administrative motion to relate this action and *Williams*. *Id.*, ¶ 6. Both cases are now assigned to Judge James Donato. *Id.*

## II. ARGUMENT

### A. Legal Standard

Under the "first-to-file" rule, a federal district court can dismiss, stay, or transfer a case when a similar complaint has already been filed. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). As the Ninth Circuit has explained, "[t]he first-to-file rule was developed to serve the purpose of promoting efficiency and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 625 (9th Cir. 1991); *see also Koehler v. Pepperidge Farm, Inc.*, 2013 WL 4806895, at *2 (N.D. Cal. Sept. 9, 2013) ("The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments. As such, the rule should not be disregarded lightly.") (citation omitted).

Courts in the Ninth Circuit analyze three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *Schwartz v. Frito–Lay N. Am.*, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012) (citing *Alltrade*, 946 F.2d at 625). "However, the first-to-file rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to … sound judicial administration." *Hilton v. Apple*

*Inc.*, 2013 WL 5487317, at *4 (N.D. Cal. Oct. 1, 2013) (quotation marks omitted).

The first-to-file rule is not limited to cases brought in different districts." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013); *see also Padilla v. Willner*, 2016 WL 860948, at *6 (N.D. Cal., Mar. 7, 2016) (applying the first-to-file doctrine to dismiss second-filed case in the same district); *Gatlin v. United Parcel Serv., Inc.*, 2018 WL 10161198, at *4 (C.D. Cal. Aug. 23, 2018) ("[I]n order to achieve sound judicial administration and avoid duplicative litigation, district courts may apply the first-to-file doctrine to two cases filed in the same district."); *Blanchard Training & Dev. v. Leadership Studies, Inc.*, 2016 WL 773227, at *4-5 (S.D. Cal. Feb. 29, 2016) (citing *Wallerstein* and dismissing second-filed case pending in the same district). Indeed, because courts have an "ample degree of discretion" when managing their dockets, *Gatlin*, 2018 WL 10161198, at *3, the rule has been applied to cases pending before the same judge.

For example, in *Fuhr et al. v. Sprint/United Mgmt. Co.*, Case No. 3:19-cv-02418-WQH-AHG (S.D. Cal Sept. 23, 2020) at Dkt. No. 21 (the "*Fuhr* action"), the defendant filed a motion to dismiss or stay based on the first-to-file rule because two similar putative class actions had already been filed. *Id*. at 4-5. The plaintiffs responded that the case should not be stayed or dismissed, in part, because the *Fuhr* action and one of the other actions were pending before the same judge. *Id*. at 16-18. The court disagreed, explaining that "declining to apply the first-to-file rule because [two of the actions] [were] pending before the same judge would lead to duplicative litigation [and] [m]anaging duplicative discovery requests and motions is inefficient and uneconomical." *Id*. at 17 (emphasis added).

Similarly, in *Arakelian v. Mercedez-Benz USA, LLC*, 2018 WL 6422649, at *2 (C.D. Cal. June 4, 2018), the court applied the first-to-file rule to two putative class actions pending before the same judge, reasoning that "allowing both cases to go forward would waste judicial resources and require duplicative effort." *See also Vista Capital Investments, LLC v. Natural Shrimp, Inc.*, 2020 WL 434562 (S.D. Cal. Jan. 28, 2020) (applying first-to-file rule to dismiss second-filed action assigned to the same judge); *Blanchard Training and Development v. Leadership Studies, Inc.*, 2016 WL 773227 (S.D. Cal. Feb. 29, 2016) (same).

Accordingly, the Court can apply the first-to-file rule here, even though *Williams* and

*Braxton* are now pending before the same judge.[4]

**B. All Three Elements of the First-To-File Rule Are Met Here.**

    **1. *Williams* Is the First-Filed Action.**

The first factor, chronology of the actions, looks to whether there is a previously filed action and when it was filed. *Alltrade*, 946 F.2d at 625. *Williams* was filed on February 17, 2022, and this action was filed on March 10, 2022. Groves Decl., Exs. A, B. *Williams* is thus the first-filed case.

The timing of the amended complaints[5] does not change the conclusion, because "the filing of a complaint triggers the first-filed rule, regardless of whether the plaintiff later amends the complaint." *Hilton*, 2013 WL 5487317, at *6 (internal quotation marks and citation omitted) (collecting cases); *see also SMIC, Americas v. Innovative Foundry Tech. LLC*, 473 F. Supp. 3d 1021 (N.D. Cal. 2020) (holding that the first-to-file rule considers the timing of the original complaint); *Blue Cove Corp. v. Odyssey Med., Inc.*, 2011 WL 1157866, at *2 (S.D. Cal. Mar. 28, 2011) ("[C]ourts have consistently held that the relevant date to be used for purposes of the first-to-file rule is the date of the original filing and not an amendment."). Accordingly, the first factor plainly favors application of the first-to-file rule.

    **2. The Parties in the *Williams* and *Braxton* Matters Are Substantially Similar.**

The second factor considers the similarity of the parties. *Schwartz*, 2012 WL 8147135, at *2. As this Court has explained, "the first-to-file rule *does not require* strict identity of the parties, but rather substantial similarity." *Koehler*, 2013 WL 4806895, at *3 (emphasis in original; quotation marks omitted); *see also Hilton*, 2013 WL 5487317, at *7 ("The first-to-file rule only requires that the parties between the earlier and later cases be substantially similar."). Accordingly, "[t]he rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether

---

[4] On June 1, 2022, the plaintiff in *Ebo* moved to relate her action to *Pope*, another newly-filed (but unserved) action. *Ebo* Dkt. No. 11; *Pope* Dkt. No. 10. On June 6, 2022, Wells Fargo responded to Ebo's motion explaining that *Ebo*, *Thomas*, *Pope*, *Williams*, and *Braxton* are all related and, pursuant to Civil Local Rule 3-12, should be reassigned to the judge with the lowest-numbered case, which is *Williams*. *Pope* Dkt. No. 11.

[5] Braxton's amended complaint was filed on April 14, 2022 and Williams' amended complaint was filed on April 18, 2022.

there are additional, unmatched parties in one or both matters." *Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*, 2011 WL 2073796, at *3 (E.D. Cal. May 24, 2011). In the class action context, "the classes, and not the class representatives, are compared." *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008); *see also Silva v. First Transit, Inc.*, 2021 WL 2213203, at *3 (N.D. Cal. Mar. 1, 2021) ("In the class action context, most district courts in this circuit compare the putative classes rather than the named plaintiffs."). Finally, in analyzing the similarity of the parties, courts in this District examine the operative complaints. *See Vado v. Champion Petfoods USA, Inc.*, 2019 WL 634644, at *2, *5 (N.D. Cal. Feb. 14, 2019) (analyzing amended complaint for similarity of parties in first-to-file analysis); *see also Pedro v. Millennium Prods., Inc.*, 2016 WL 3029681, at *1-2 (N.D. Cal. May 27, 2016) (same).

Here, both cases name Wells Fargo Bank, N.A. and Wells Fargo & Company as defendants. The *Braxton* plaintiffs have also named "Wells Fargo Home Mortgage, Inc.," an entity that was merged into Wells Fargo Bank, N.A. in 2004 so no longer exists. That entity should thus have no bearing on the result here. In any event, *Braxton's* addition of Wells Fargo Home Mortgage, Inc. does not affect the Court's analysis because the Ninth Circuit has expressly held that the inclusion of another defendant in a later-filed case "does not defeat application of the first-to-file rule." *Kohn Law Grp. Inc. v. Auto Parts Mfg. Miss, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

The plaintiffs also seek to represent overlapping classes. The *Williams* plaintiffs seek to represent a broad class of "Black and/or African American applicants or borrowers who applied for, received, or maintained credit from Defendants related to residential real estate and who were subjected to discrimination by Defendants due to their race." Groves Decl., Ex. C ¶ 44.[6] This later-filed action defines its putative class (and subclasses) as "Black homeowners" who "submitted an application to refinance their home mortgage through" Wells Fargo that was "(i) processed at a rate

---

[6] Again, in a first-to-file analysis, Courts in this District examine the operative complaints when analyzing the similarity of the parties. *Vado*, 2019 WL 634644, at *2, *5; *Pedro*, 2016 WL 3029681, at *1-2. However, even if the Court uses the putative class set forth in the original *Williams* complaint, the result would be the same, as that putative class also would have encompassed the proposed class and subclasses here. *See* Groves Decl., Ex. A, ¶ 19 (seeking to represent "a class of African Americans who applied for credit related to residential real estate and who were subjected to discrimination by Defendants due to their race").

slower than that of the average processing time of applications made by non-Black applicants; or (ii) whose applications were denied; or (iii) whose resulting refinance loans were made at higher interest rates as compared to similarly situated non-Black applicants." *Id.*, Ex. D ¶¶ 146, 152-54. Accordingly, the putative class in *Williams*—which is much broader in scope—wholly encompasses Plaintiffs' putative class and subclasses here. The second factor is met. *See Koehler*, 2013 WL 4806895, at *4 (putative classes are sufficiently similar where they include "at least some of the same individuals"); *Wallerstein*, 967 F. Supp. 2d at 1296 ("proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals") (internal citation omitted).

### 3. The Issues in the *Williams* and *Braxton* Matters Are Substantially Similar.

The final factor is the similarity of the issues. *Wallerstein*, 2013 WL 5271291, at *6. The issues do not need to be identical; it is enough if there is "substantial similarity" between the two actions. *Kohn Law Grp.*, 787 F.3d at 1240; *see also Adoma v. University of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010) ("the issues in two actions need not be identical"). Accordingly, "the rule can apply even if the later-filed action brings additional claims." *Schwartz*, 2012 WL 8147135, at *3.

Here, the cases make substantially the same factual allegations, namely, that Wells Fargo discriminates against Black and African American borrowers in connection with its home lending business. Specifically, both cases allege that Wells Fargo charged Black and African American borrowers unfavorable interest rates and additional fees. *Compare* Groves Decl., Ex. C ¶¶ 8, 10-11, 14, 20, 23, 26, 31, 34 with *id.*, Ex. D ¶¶ 29, 69, 102, 108, 146. Both complaints also allege that Wells Fargo processed the applications of Black and African American applicants more slowly than the applications of non-Black applicants. *Compare id.*, Ex. C ¶ 25 with *id.*, Ex. D ¶¶ 11-13, 21-22, 29, 152. Further, both complaints allege that Wells Fargo improperly denied the applications of Black and African American applicants. *Compare id.*, Ex. C ¶¶ 10, 19, 35 with *id.*, Ex. D ¶¶ 6, 12, 22, 40, 112, 146, 154.

As a result of these virtually identical factual allegations, the plaintiffs in both cases bring

overlapping causes of action. In both cases, plaintiffs purport to bring class wide claims under the ECOA, Section 1981, and the FHA, and seek the same relief, including compensatory damages, punitive damages, attorneys' fees and costs, and injunctive relief. *Id.*, Ex. C, Prayer for Relief; *id.*, Ex. D, Prayer for Relief. Thus, the cases are sufficiently similar under the first-to-file rule. *See, e.g.*, *Gatlin*, 2018 WL 10161198, at *5 (finding sufficient similarity of issues when there was "substantial overlap in the substance of the violations alleged in the [first and second complaints]").

Plaintiffs insist that their case is different from *Williams* because it "concerns refinancing alone," while *Williams* "barely mentions refinancing." *Williams*, Dkt. 41 at 2. The Court should reject this sleight of hand. In Plaintiffs' own words, *Williams* alleges that "Wells Fargo's practices extended across **all residential credit transactions**." *Id.* at 4 (emphasis added). "[A]ll residential credit transactions" necessarily includes refinancing, and the key legal issue in both cases is the same: whether Wells Fargo discriminates against Black and African American applicants in connection with its home mortgage lending business. *Williams* and *Braxton* are thus sufficiently intertwined for the first-to-file rule to apply. *See Fossum v. Nw. Mut. Life Ins. Co.*, 2010 WL 11054415, at *2 (N.D. Cal. Sept. 16, 2010) (noting that "[e]xact parallelism between the two actions need not exist" and finding issues sufficiently similar when the putative class members' entitlement to damages in both cases turned on the same legal issues).

Plaintiffs' characterization of their action is also incorrect. Importantly, Plaintiff Aaron Braxton **did not** seek to refinance his mortgage loan. Instead, he sought a modification of his existing mortgage loan. Thus, this action does not, as Plaintiffs insist, "concern[] refinancing alone." In fact, Mr. Braxton's claims are more akin to those of Plaintiff Shaia Beckwith Simmons in the *Williams* action—who also alleges discrimination in connection with Wells Fargo's loan modification practices—than they are to his fellow plaintiffs Paul Martin and Gia Gray, who sought to refinance their loans.

Finally, it does not matter that the complaint here brings additional claims under the California Unruh Civil Rights and Unfair Competition Law. Groves Decl., Ex. D ¶¶ 91-104. Courts routinely reject the presence of additional claims in the later-filed suit—including California-specific claims—as a reason to disregard the first-to-rule. *See, e.g.*, *Young v. Bank of Am., N.A.*, 2013 WL

-8-

2952758, at *1 (N.D. Cal. Mar. 7, 2013) (applying first-to-file rule where later-filed class action included California Rosenthal Act claims not asserted in earlier-filed suits); *Mehr v. Capital One Bank USA N.A.*, 2019 WL 2428768, at *5 (C.D. Cal. Jan. 4, 2019) (applying first-to-file rule where later-filed class action included UCL claims not asserted in earlier-filed suits); *Zimmer v. Domestic Corp.*, 2018 WL 1135634, at *4 (C.D. Cal. Feb. 22, 2018) ("While this action raises some unique state law claims ..., the factual allegations giving rise to these claims and the central theories of liability are identical to those in [the first-filed action]."). Indeed, "[t]he additional claims brought by Plaintiffs under [California state law] not present in [the first-filed case], and any particular distinctions in the factual allegations between the two complaints, are not so unique as to make the actions sufficiently different in nature." *Gatlin*, 2018 WL 10161198, at *5. Accordingly, the third factor is satisfied. The first-to-file rule applies.

### C. Allowing This Action to Proceed Separately Would Result in a Waste of Judicial and Party Resources and Would Risk Inconsistent Rulings.

The Ninth Circuit has cautioned that, because the first-to-file rule seeks to promote judicial efficiency, it "should not be disregarded lightly." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). Thus, in the absence of "compelling circumstances" that warrant an exception to the rule, the parties in the first-filed case "should be permitted to proceed without concern about a conflicting order being issued in the later-filed action." *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998).

No compelling circumstances exist here. Indeed, as Plaintiffs have argued, *Williams* alleges that "Wells Fargo's practices extended across all residential credit transactions." *Williams*, Dkt. No. 41 at p. 2. Accordingly, allowing Plaintiffs to continue litigating their claims alongside *Williams* would require substantial and burdensome discovery on the same topics, including whether Wells Fargo discriminates against Black and African Americans in connection with its refinancing and loan modification practices, and Wells Fargo's internal policies and procedures about those practices. Moreover, because *Williams* seeks to represent a nationwide class of all "Black and/or African American applicants or borrowers **who applied for, received, or maintained credit** from

Defendants related to residential real estate and who were subjected to discrimination by Defendants due to their race" Groves Decl., Ex. C ¶ 44, the resolution of the *Williams* case "would simultaneously resolve most, if not all, of the issues raised in the instant action." *Gatlin*, 2018 WL 10161198, at *6. Indeed, Plaintiffs' description of this action as a "narrower" subset of *Williams*, which raises allegations regarding "a broader notion of all [Wells Fargo] home loans," only proves the point. *Williams*, Dkt. 41 at 4. Accordingly, "[d]espite any differences in the factual allegations Plaintiffs assert, the issues to be resolved in the two cases are substantially similar such that a single court would be better suited to address them" and "[t]here is a genuine risk that any order issued in the instant case would impact the substantive claims and issues in [*Williams*], creating contemporaneous questions of issue preclusion during each step of the litigation." *Gatlin*, 2018 WL 10161198, at *6.

Judicial economy and the risk of inconsistent judgments weigh in favor of applying the first-to-file rule here.

### D. Because the First-to-File Rule Applies, the Court Should Dismiss This Action or, Alternatively, Stay It Pending Resolution of *Williams*.

As shown above, all factors favor application of the first-to-file rule here. Thus, the Court should dismiss this case without prejudice. *See DocuSign, Inc. v. Clark*, 2022 WL 225623, at *6 (N.D. Cal. Jan. 25, 2022) (dismissing second-filed case under first-to-file rule); *Swangler v. Cherne Contr. Corp.*, 2021 WL 6332532, at *3 (N.D. Cal. Jan. 22, 2021) (dismissing later-filed putative class action without prejudice under first-to-file rule); *De La Cruz v. Target Corp.*, 2018 WL 3817950, at *2-3 (S.D. Cal. Aug. 8, 2018) (same). In the alternative, the Court should stay this action pending resolution of *Williams*. *See Wong v. Old Lyme Gourmet Co.*, 2021 WL 5909209, at *5 (N.D. Cal. Mar. 22, 2021) (staying second-filed putative class action under first-to-file rule); *Cortes v. Victoria Secret Stores, LLC*, 2020 WL 1139657, at *4 (N.D. Cal. Mar. 9, 2020) (same).

### III. CONCLUSION

For the foregoing reasons, Defendants Wells Fargo Bank, N.A., Wells Fargo Home Mortgage, Inc., and Wells Fargo & Company respectfully request that the Court dismiss this action or, alternatively, stay this action pending resolution of *Williams*.

Dated: June 13, 2022

**WINSTON & STRAWN LLP**

By: */s/ Amanda L. Groves*
Amanda L. Groves
agroves@winston.com
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Kobi K. Brinson *(admitted pro hac vice)*
kbrinson@winston.com
Stacie C. Knight *(admitted pro hac vice)*
sknight@winston.com
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
Facsimile: (704) 350-7800

**MCGUIREWOODS LLP**

By: */s/ Alicia A. Baiardo*
Ava E. Lias-Booker (*admitted pro hac vice*)
alias-booker@mcguirewoods.com
Alicia A. Baiardo
abaiardo@mcguirewoods.com
Jasmine K. Gardner (*admitted pro hac vice*)
jgardner@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111-3821
Telephone: (415) 844.9944
Facsimile: (415) 844.9922

Attorneys for Defendants
WELLS FARGO BANK, N.A.,
WELLS FARGO HOME MORTGAGE, INC.,
AND WELLS FARGO & COMPANY